IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

                                                    No.  CR-11-2432-MCA

        Plaintiff,

vs.

MARIA BUNDY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This case is before the Court upon the *United States' Motion* in Limine *to Introduce Evidence of Defendant's Prior DUI Conviction*. [Doc. 149] The Court has considered the motion, Defendant's response, the record in this case, and the applicable law, and is otherwise fully advised.  The Motion is denied.

This case arises out of a March 5, 2011 rollover  accident in which Larry Mark, one of three occupants of a pickup truck received fatal injuries. The two remaining occupants, Defendant and Roland Deale, were seriously injured, but recovered.  Other than the three occupants, there were no eyewitnesses.  All three occupants had extremely elevated BAC levels. On September 14, 2011, a grand jury indicted Defendant on charges of involuntary manslaughter and assault with serious bodily injury.  On February 7,  2012, a second grand jury re-indicted Defendant on the original charges, and in addition, indicted Defendant on a third charge of second degree murder.  The additional evidentiary basis for the third charge is a 2009 tribal court DWI conviction, a conviction in the Judicial District of the Navajo Nation, Judicial District of Shiprock, New Mexico.

**1.**   *Tan*.   The United States relies on *United States v. Tan, 254 F.3d* 1204 (10th Cir. 2001) to justify the admission of evidence of Defendant's prior DWI.  *Tan* was an appeal by the United States in a second degree murder and assault prosecution from an order excluding evidence that the defendant driver had been convicted seven times for driving while intoxicated.  *Tan* contains an extended discussion of the use of prior DWI convictions to prove the element of malice aforethought in a second degree murder prosecution arising out the operation of a motor vehicle by an intoxicated defendant.

In *Tan* our Court of Appeals agreed with the California Court of Appeals that "[o]ne who drives a vehicle while under the influence after having been convicted of that offense knows *better than most* that his conduct is not only illegal, but entails a substantial risk of harm to himself and others."  *Tan*, 254 F.3d at 1210 (quoting *People v. Brogna*, 248 Cal. Rptr, 761 (Cal. Ct. App. 1988).[1]  However, *Tan* did not address the situation where, as here, the record contains evidence showing that in a particular defendant's case the inference of malice is invalid. Certainly, *Tan* did not expressly foreclose a defendant from showing that a particular defendant's understanding of the risks of driving while intoxicated is no greater than average,

---

[1] *Brogna* is the only case cited in *Tan* that shows how a prior DWI conviction translates into a heightened awareness of the dangers of driving while intoxicated.  In *Brogna*, the defendant was charged with second degree murder based on evidence that while driving with an elevated blood alcohol level, he swerved onto the shoulder of a highway, ramming into a parked vehicle and killing a woman.  At trial, the trial court admitted pursuant to California's analogue to Fed. Evid. Rule 404(b) evidence about the defendant's two prior DWI convictions.  The evidence included a stipulation that the defendant had been convicted of DWI in 1979 and 1983 and that as a condition of probation in both cases he had completed a "first offense driving while-intoxicated school" and a one year alcohol abuse program.  In addition, the prosecution introduced evidence that the defendant had attended 26 Alcoholics Anonymous meetings and had taken part in counseling sessions emphasizing the dangers of drinking and driving.  It is clear from this evidence that the defendant in *Brogna* would have had an enhanced awareness of the dangers of driving while intoxicated.

notwithstanding one or more prior DWI convictions.[2]  Indeed, if evidence countering the *Tan* inference of malice is not admissible, then the Court of Appeals would have adopted something akin to a conclusive mandatory inference,[3] with the attendant due process concerns that such mandatory inferences present in criminal trials.  *See, e.g., Carella v. California*, 491 U.S. 263 (1989); *Francis v. Franklin*, 471 U.S. 307, 313-15 (1985). It seems more likely that the Court of Appeals, aware of the due process implications of inferences in criminal cases, merely intended to allow the jury to draw a permissive inference,[4] leaving it open to a defendant to counter the government's evidence of malice with evidence that the suggested conclusion (malice) should *not* be drawn from the predicate facts proved (prior DWIs). Accordingly, in conducting its analysis, the Court will consider all the facts of Defendant's case, including those facts that tend to undercut the force of the inference of malice endorsed by the Court of Appeals in *Tan*.

---

[2] Inferences and presumptions are a staple of our adversary system of factfinding. It is often necessary for the trier of fact to determine the existence of an element of the crime--that is, an "ultimate" or "elemental" fact--from the existence of one or more "evidentiary" or "basic" facts. The value of these evidentiary devices, and their validity under the Due Process Clause, vary from case to case, however, depending on the strength of the connection between the particular basic and elemental facts involved and on the degree to which the device curtails the factfinder's freedom to assess the evidence independently.

*Court of Ulster County, New York v. Allen*, 442 U.S. 140, 157 (1979).

[3]A mandatory presumption "tells the trier of fact that he or they *must* find the elemental fact upon proof of the basic fact, at least unless the defendant has come forward with some evidence to rebut the presumed connection between the two facts."  *Allen*, 442 U.S. at 157.

[4]  "A 'permissive presumption,' commonly referred to by academics as an inference, is one that allows, but does not require, the trier of fact to infer the presumed fact from the basic fact and that 'places no burden of any kind on the defendant.'" 1 Weinstein's Federal Evidence §303.05[2][a] (2d ed. 2012).

The admission of other acts evidence pursuant to Rule 404(b) requires consideration of the four *Huddleston* factors. *Tan*, 254 F.3d at 1207-08. The Court need not revisit the Rule 401 and 404(b) questions presented by the first two *Huddleston* factors as applied to the admission of prior DWI convictions in a second degree murder vehicular homicide prosecution. Those questions were answered adversely to defendants by *Tan*. Admissibility in the present case turns upon the third factor: whether the probative value of evidence of Defendant's prior instance of driving while intoxicated "is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Court begins by noting that as in *Tan*, there is no evidence in this case from which Defendant's malice can be readily inferred other than her prior conviction. Therefore, the United States' need for evidence of Defendant's prior convictions is as great as in *Tan*. There are two circumstances that distinguish this case from *Tan* and that substantially diminish the probative value of the United States' evidence. First, Defendant has only one prior DWI conviction. The Defendant in *Tan* had seven convictions, and the Court of Appeals in *Tan* emphasized the number of convictions. *Tan*, 254 F.3d at 1209 (referring to "numerous prior drunk driving convictions"); 1210 ("*From the number of convictions*, the jury could infer that Defendant does not care about the risk he poses to himself and others since he continues to drink and drive.") (emphasis added). Second, in contrast to the dearth of facts about the defendant's prior convictions in *Tan*, the Court in the present case has a fair amount of information about Defendant's prior conviction. [Doc. 149-1] Defendant was arrested on April 20, 2009 by tribal police, after she failed a field sobriety test. Her car had been stopped when an officer on patrol

observed her car weaving and unable to maintain its lane and following the vehicle immediately ahead too closely. There is no suggestion that anyone was injured as the result of her driving while intoxicated. Defendant has provided the Court with a transcript of her plea proceeding. The transcript does not show any attempt by the presiding judge to impress upon Defendant the danger of driving while intoxicated. Although Defendant was ordered to attend DWI/VIP classes and participate in AA counseling, an arrest warrant dated August 4, 2009 reflects that Defendant did not carry out these conditions of her sentence. The facts of Defendant's case are the opposite of the facts in *Brogna*, and substantially weaken the force of the inference endorsed by the Court of Appeals in *Tan*.

Turning to prejudice, the Court notes that unlike *Tan*, Defendant's state of mind is not "the" issue. In *Tan*, there was no dispute that the defendant was the driver. Here, in contrast to *Tan*, the identity of the driver is at least as important as the defendant's state of mind. The Court perceives a risk that the jury, notwithstanding a limiting instruction,[5] will use the prior DWI conviction to attribute to Defendant a propensity to drive while intoxicated, from which the jury will infer that Defendant was acting consistent with that propensity at the time of the accident, making Defendant the driver. The Court of Appeals' observation in *Tan* that "[i]n any event, Defendant's prior convictions are not being offered *solely* for the impermissible purpose of proving that he has a propensity to drive drunk, 254 F.3d at 1211 (emphasis added), suggests that the Court of Appeals recognized the potential for jury misuse of evidence of prior convictions.

The Court is persuaded that on balance, the probative value of evidence of Defendant's prior conviction and the potential prejudice to Defendant are roughly equal. Because Rule 403

---

[5]A limiting instruction is required by the fourth *Huddleston* factor.

requires that the risk of prejudice substantially outweigh the probative value of an item of evidence, the Court concludes that evidence of Defendant's prior conviction is not excludable under Rule 403.

**3.**     *Shavanaux*

In *United States v. Shavanaux*, 647 F.3d 993 (10th Cir. 2011), our Circuit considered the question of whether uncounseled tribal convictions could be used as predicate offenses in a prosecution under 18 U.S.C. § 117(a). The Court held that the use of uncounseled tribal convictions did not violate either the Sixth Amendment right to counsel or the Due Process Clause of the Fifth Amendment. As the Court reads *Shavanaux*, tribal courts are not subject to the Sixth and Fifth Amendments to the United States Constitution; rather, tribal courts are subject to the statutory analogues to the Bill of Rights set out in the Indian Civil Rights Act, 25 U.S.C. § 1302. Under *Shavanaux*, valid tribal court convictions that meet the due process requirements of ICRA may be admitted in subsequent federal prosecutions.

Defendant argues that her prior tribal conviction was entered on a guilty plea that was not knowing and voluntary, and therefore is inadmissible under *Shavanaux*. The United States has not responded to this argument.

"[I]f a defendant's guilty plea is not [] voluntary and knowing, it has been obtained in violation of due process and is therefore void." *McCarthy v. United States*, 394 U.S. 459, 466 (1969); *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969) (quoting *McCarthy*). As previously noted, Defendant has provided the Court with a copy of the transcript of her guilty plea proceeding. [Doc. 194-1]   Since there is no indication in the transcript that Defendant was represented by counsel, the Court will not assume that Defendant was informed of her rights by


counsel.  Rule 12(c) of the Navajo Rules of Criminal Procedure required the judge, prior to accepting Defendant's plea, to explain to Defendant that she had the rights (1) to remain silent, (2) to have counsel at her own expense or appointed counsel if defendant cannot afford counsel,[6] (3) to plead not guilty, (4) to confront and cross-examine witnesses; (5) to be released on bail unless certain findings are made, (6) to trial by jury, (7) to a speedy and public trial, (8) to call witnesses, and (9) to file a writ of habeas corpus.  Instead of the detailed enumeration of her trial rights contemplated by the Navajo Rules of Criminal Procedure, the page-and-a-half transcript shows a cursory, rudimentary colloquy.   Although Defendant was asked "Do you understand your rights as explained to you?" the transcript does not include any enumeration of those rights, nor does the record show that Defendant was told that she was giving up those rights by pleading guilty.  Under the Navajo Rules of Criminal Procedure, the advisement of rights pursuant to Rule 12(c) is the sole procedure for advising a defendant of her rights.  Further, Defendant's counsel has represented to the Court that an examination of the tape of the proceedings before the tribal court for April 22, 2009 fails to show any explanation of rights to Defendant or any other person. [Doc. 194 at 3, n.1]   It appears that this prerequisite to a valid guilty plea was entirely overlooked in Defendant's case.  The Court finds that Defendant was not advised of key rights guaranteed by  ICRA--the privilege against self-incrimination, the right to confront her accusers and to compulsory process, the right to counsel at her own expense, and the right to trial before a jury of not less than six persons. Section 1302 (4) (6) and (10).  The transcript also shows that there was no inquiry into the factual basis of Defendant's plea.  Defendant has made a

---

[6] ICRA does not require tribes to appoint counsel for indigent defendants. Section 1302(6).

compelling showing that her guilty plea was not knowing and voluntary. Under ICRA due process of law is itself a right. Section 1302(8). The Court concludes that Defendant's guilty plea was obtained in violation of the due process provision of ICRA, and under *Shavanaux* is inadmissible as substantive evidence in a subsequent federal[7] prosecution.

**4.     Conclusion**

The Court concludes that evidence of Defendant's prior DWI conviction is offered for a proper purpose, is relevant to the issue of malice and survives the balancing required by Rule 403. Nonetheless evidence of Defendant's conviction is inadmissible in this federal prosecution because her guilty plea was not knowing and voluntary and therefore was obtained in violation of ICRA.

**WHEREFORE,**

**IT IS THEREFORE HEREBY ORDERED** that the *United States' Motion* in Limine *to Introduce Evidence of Defendant's Prior DUI Conviction* [Doc. 149] is **denied**.

**So ordered this 26th day of August, 2013.**

_____
M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE

---

[7]Given the solicitude of the Navajo Supreme Court for the rights of accused tribe members, *e.g. Eriacho v. Ramah District Court*, 6 Am. Tribal Law 624 (Navajo Sup. Ct. 2005); *Navajo Nation v. Curley*, 6 Am. Tribal Law 697 (Navajo Sup. Ct. 2005); *Curley v. Navajo Nation*, 4 Am. Tribal Law 622 (Navajo Sup. Ct. 2002), the Court has considerable doubt whether a prior conviction based on a demonstrably invalid guilty plea would be admissible in Navajo tribal court over the defendant's objection.